**IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SHEILA HURST
AND
JOHN HURST
       Plaintiffs**

**vs.**                                    **CASE NO:**_____

**FEDCHEX  RECOVERY, LLC**

**AND**

**SENIOR CARE GROUP, INC.
D/B/A
LAKESHORE VILLAS
HEALTH CARE CENTER
       Defendants**

**COMPLAINT**

**I.  INTRODUCTION**

1.  This is an action for damages brought by individual consumers for
Defendants' violation of the federal Fair Debt Collection Practices Act, 15 U.S.C.
1692, et. seq. (hereafter ("FDCPA") and the Florida Consumer Collections
Practices Act, F.S. 559, et. seq. (hereafter "FCCPA") which prohibit debt
collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

-1-

2.  Jurisdiction of this Court arises under 15 U.S.C. 1692 and 28 U.S.C. 1337.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367.  Declaratory relief is available pursuant to 28 U.S.C. and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

3.  Plaintiff **Sheila Hurst** is a natural person who resides in Hillsborough County, Florida, which is in the Middle District of Florida.

4.  Plaintiff **John Hurst** is a natural person who resides in Hillsborough County, Florida, which is in the Middle District of Florida.

5.  Defendant **FEDCHEX RECOVERY, LLC**, hereinafter referred to as "Fedchex"  is a foreign Limited Liability Company with its principal address in Irvine, California which may, or may not be licensed to collect consumer  debts in the state of Florida, but which does in fact collect or attempt to collect debts in the state of Florida,  by use of telephonic, mail, and other means of communications.

6.  Fedchex is subject to and has violated the FCCPA and FDCPA.

7.   Defendant **SENIOR CARE GROUP, INC. ,** hereinafter referred to as "Lakeshore",   is a foreign non-profit corporation doing business under the factitious name of **LAKESHORE VILLAS HEALTH CARE CENTER,** with its principal address in Tampa, Florida.

8.  Lakeshore is subject to and has violated the FCCPA and the FDCPA.

9.  The alleged debt the Defendants attempted to collect is a consumer debt within the meaning of the FCCPA and the FDCPA.

## IV.   FACTUAL ALLEGATIONS

The factual allegations constituting the Defendants' violations of the provisions of the FDCPA and the FCCPA include, but are not limited to the following:

10.   Plaintiffs repeat, alleged and incorporate by reference paragraphs 1-9 above.

11.   Sheila Hurst was a patient at University Community Hospital (UCH).

12.   Upon her release from UCH Sheila Hurst would be in need of care, the type of which was provided by Lakeshore.

13.   While Sheila Hurst was at UCH a representative of Lakeshore, whose name is current unknown,  came to her and advised her and her husband, John Hurst, that Lakeshore provided the type of care that Sheila Hurst would require upon her discharge from UCH.

14.   Lakeshore's representative falsely assured Sheila and John Hurst that the care Lakeshore provided would be covered completely by the Hurst's insurance and made arrangements for Sheila Hurt's transfer from UCH to Lakeshore's facility. Based on Lakeshores representatives' representation the Hursts agreed that Sheila Hurst would transfer from UCH to Lakeshores' facility for further treatment and care based on Lakeshores' representatives' representation the Hursts agreed that Sheila Hurst would transfer from UCH to Lakeshores' facility for further treatment and care.

15.   Approximately two weeks after Sheila Hurst was transferred to Lakeshore John and Sheila Hurst had a conference with the appropriate staff members of Lakeshore to determine a course of care.

16.   A major concern of John and Sheila Hurst was the cost of said course of treatment as they live only on their disability income.

17.   The director of social services, who identified herself as Denise Baultrip-Ciyjet, the director of social services was present at the meeting with the nursing staff and assured the Hurts that the costs of the Sheila Hurst's stay was 100% covered.

18.   Based upon the assurance of representatives of Lakeshore that Sheila Hursts' treatment was completely covered by their insurance the Hursts agreed to the course of treatment.

19.   Shortly after being discharged from Lakeshore the Hursts began to receive bills from Lakeshore for services rendered.

20.   The Hursts  initially contacted Lakeshore about the bills being directed to them by Lakeshore.  They were initially advised that it must be a mistake and it was "an accounting error".

21.   But, after some time the Hursts were advised that it was not a mistake and they were personally responsible for part of the bill.

22.   Shortly after May 16, 2011, Sheila Hurst received a letter from Fedchex, a copy of which is attached as P-Exhibit 1.

23.   The letter misrepresents the amount of the alleged debt as being $4,000.

24.   The letter misrepresents the creditor as being Lakeshore Villa.

25.   The letter leads the least sophisticated consumer to believe that he or she would have to dispute the amount of the debt "in writing" in order for it to be a valid dispute of the validity of the debt.

26.   The communication was made after the Hursts were represented by an attorney and after notification to Lakeshore that the Hursts were represented by

attorney Terence S. Moore, such notification being made pursuant to a letter from Terence S. Moore dated January 21, 2011.

27.   On or about December 31, 2010, Lakeshore sent a bill to Sheila Hurst demanding payment in the amount of $4,400 claiming the payment was 60 days old.  Attached as P-Exhibit 2.

28.   On or about September 30, 2010, Lakeshore sent a bill to Sheila Hurst demanding payment in the amount of $3,025, and claimed the bill was current. Attached as P-Exhibit 3.

29.   On or about September 20, 2010, Lakeshore sent a bill to Sheila Hurst demanding payment in the amount of $3,162.50, attached as P-Exhibit 4.

30.   On or about May 21, 2010, Sheila Hurst signed the Financial Agreement attached hereto as P-Exhibit 5.

31.   On or about May 21, 2010, Sheila Hurst signed the Assignment of Medical Benefits and Authorization for Treatment Information Release attached hereto as P-Exhibit 6.

32.   On or about February 23, 2011, Terence S. Moore, Attorney at Law received from Lakeshore a letter which is attached as P-Exhibit 7.

33.   On or about October 31, 2010, Lakeshore sent to Sheila Hurst a Statement of Account attached hereto as P-Exhibit 8, claiming the amount due was $4,400 and that the payment was current.

34.   On or about October 12, 2010, Lakeshore received from GEHA a letter a copy of which is attached as Exhibit P-10 and 11.

35.   On or about September 15, 2010, GEHA caused to be issued P-Exhibit 12, 2010, stating "patient Owes Provider $4,142.91".

36.   On or about October 12, 2010, GEHA cause to be issued P-Exhibit 13,

37.  On or about October 19, 2010, Lakeshore caused to be issue to Sheila Hurst P-Exhibit 14.

38.  On or about August 1, 2010, Exhibit P-15 was sent to Sheila Hurst.

39.  On or about January 21, 2011, attorney Terence S. Moore, caused to sent to Lakeshore the letter attached as P-Exhibit 16.

40.  On or about March 1, 2011, attorney Terence S. Moore, caused to sent to Lakeshore the letter attached as P-Exhibit 17.

41.  On or about March 16, 2011, Lakeshore, through its counsel Stephanie Papoulis, its corporate attorney acknowledged receipt of Terence S. Moore's letter as evidenced by P. Exhibit 18.

42.   On or about March 1, 2011, Lakeshore received a letter from Terence S. Moore as evidenced by P-Exhibit 19.

43.  On or about October 19, 2010, Lakeshore caused to be created a Billing Activity as shown by P-Exhibit 20.

44.  On or about May 21, 2010 a Medicare Part B document was created as evidenced by P-Exhibit 21.

45.  On or about December 14, 2010 John and Sheila Hurst sent a letter to Lakeshore as evidenced by P-Exhibit 22.

46.  On or about January 18, 2011, Lakeshore sent a letter to Sheila Hurst, a copy of which is attached as P-Exhibit 23.

46.  On or about December 31, 2010, Lakeshore sent to Sheila Hurst a Statement of Account which claimed that she owed $4,400 and that the payment was 60 days old.  P-Exhibit 24.

47.  On or about December 22, 2010, Lakeshore caused to be sent a letter to Sheila Hurst a copy of which is attached as P-Exhibit 25.

48.  On or about September 30, 2010, Lakeshore cause to be sent to Sheila Hurst a Statement of Account claiming $3025 to be due and the debt being current, a copy of which is attached as P-Exhibit 26.

49.   On or about September 20, 2010, Lakeshore cause to be sent to Sheila Hurst a Statement of Account claiming $3025 to be due and the debt being current, a copy of which is attached as P-Exhibit 27

50.  GEHA, Inc. caused to be generated Exhibit P-Exhibit 28 .

51.  On or about August 1, 2010, GMS caused to be generated a Medicare Summary Notice attached hereto as P-Exhibits 29 & 30.

52.  On or about October 12, 2010, GEHA caused to be generated P-Exhibit 31.

53.  At a time unknown to the plaintiffs, but prior to May 16, 2011, Lakeshore turned the alleged debt over to FedChex for the purpose of collecting the debt.

54.  That at the time of turning the alleged debt over to FedChex, Lakeshore knew Sheila and John Hurst were represented by Terence S. Moore, Esq., an attorney at law.

55.  Lakeshore attempted to collect the debt not only from Sheila Hurst, but John Hurst as well.

56.  John Hurst was not personally responsible for the alleged debt, or any portion of the alleged debt.

57.   Fedchex communicated with Sheila Hurst in regards to the alleged debt knowing she was represented by an attorney.

58.  Fedchex communicated with John Hurst in regards to the alleged debt knowing he was represented by an attorney.

59.  Fedchex communicated with John Hurst after being notified that he would not pay the alleged debt.

60.  Fedchex communicated with Sheila Hurst after being notified that she would not pay the alleged debt.

61.  Lakeshore communicated with John Hurst after being notified he would not pay the alleged debt.

62**.**  Lakeshore communicated with Sheila Hurst after being notified she would not pay the alleged debt.

## V. FIRST CLAIM FOR RELIEF
## BY SHEILA HURST
## FEDCHEX RECOVERY, LLC. VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT

63.  Sheila Hurst repeats, alleges and incorporates by reference paragraphs 1-62 above.

64. FedChex's violaltions of the FDCPA, include, but are not limited to, the following:

(a) 15 U.S.C. 1692c which prohibits a debt collector who knows the consumer is represented by an attorney with respect to such debt, and has knowledge of, or can readily ascertain, such attorney's name and address from contacting the alleged debtor directly.

(b) 15 U.S.C. 1692c which prohibits communication with a third party in connection with the collection of an alleged debt.

( c) 15 U.S.C. 1692d which prohibits a debt collector from engaging in harassing or abusive conduct.

(d) 15 U.S.C. 1692e which prohibits false, deceptive, or misleading representation or means in connection with the collection of any debt.

(e)   15 U.S.C. 1692f which prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt.

65.  FedChex's acts as described above were done intentionally, with the purpose of coercing Sheila Hurst to pay the alleged debt.

66.  As a result of the above violations of the FDCPA Fedchex are liable to Sheila Hurst for actual damages, statutory damages, attorney's fees, and costs.

## VI. SECOND CLAIM FOR RELIEF
## BY JOHN HURST
## FEDCHEX'S VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTIONS PRACTICES ACT

67.  John Hurst repeats, alleges and incorporates by reference paragraphs 1-62 above.

68. FedChex's violaltions of the FDCPA, include, but are not limited to, the following:

(a) 15 U.S.C. 1692c which prohibits a debt collector who knows the consumer is represented by an attorney with respect to such debt, and has knowledge of, or can readily ascertain, such attorney's name and address from contacting the alleged debtor directly.

(b) 15 U.S.C. 1692c which prohibits communication with a third party in connection with the collection of an alleged debt.

( c) 15 U.S.C. 1692d which prohibits a debt collector from engaging in harassing or abusive conduct.

(d) 15 U.S.C. 1692e which prohibits false, deceptive, or misleading representation or means in connection with the collection of any debt.

(e)  15 U.S.C. 1692f which prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt.

60.  FedChex's acts as described above were done intentionally, with the purpose of coercing John Hurst to pay the alleged debt.

70.  As a result of the above violations of the FDCPA Fedchex are liable to John Hurst for actual damages, statutory damages, attorney's fees, and costs.

## VII. THIRD CLAIM FOR RELIEF
## BY SHEILA HURST
## FEDCHEX'S
## VIOLATION OF THE
## FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

71.  Sheila Hurst repeats, alleges and incorporates by reference paragraphs 1-62 above.

72.  FedChex 's violations of the FCCPA include, but are not limited to, the following:

a.  559.72(1) by  simulating  in any manner a law enforcement officer or a representative of any governmental agency, ie. the name FedChex Recovery implies a connection to the federal government.

b.  559.72(7) by  willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

c.  559.71(18) by communicating  with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's

attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication;

73.  As a result of the above violations of the FCCPA defendant FedChex IS LIABLE TO Sheila Hurst for injunctive and declaratory relief and for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

## VIII. FOURTH CLAIM FOR RELIEF
## BY JOHN HURST
## FEDCHEX'S
## VIOLATION OF THE
## FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

74.  John Hurst repeats, alleges and incorporates by reference paragraphs 1-62 above.

75.  FedChex 's violation of the FCCPA include, but are not limited to, the following:

a.  559.72(1) by  simulating  in any manner a law enforcement officer or a representative of any governmental agency, ie. the name FedChex Recovery implies a connection to the federal government.

b.  559.72(7) by  willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

c.  559.71(18) by communicating  with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication

from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication;

76.  As a result of the above violations of the FCCPA defendant FedChex is liable to John  Hurst for injunctive and declaratory relief and for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

## IX. FIFTH CLAIM FOR RELIEF
## BY SHEILA HURST
## LAKESHORE'S
## VIOLATION OF THE
## FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

77.  Sheila Hurst repeats, alleges and incorporates by reference paragraphs 1-62 above.

78.  Lakeshore's violations of the FCCPA include, but are not limited to, the following:

a.  559.72(7) by  willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

b.  559.71(18) by communicating  with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication;

79.  As a result of the above violations of the FCCPA defendant Lakeshore is liable to Sheila  Hurst for injunctive and declaratory relief and for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

## IX. FIFTH CLAIM FOR RELIEF
## BY JOHN HURST
## LAKESHORE'S
## VIOLATION OF THE
## FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

80.  John Hurst repeats, alleges and incorporates by reference paragraphs 1-62 above.

81.  Lakeshore 's violations of the FCCPA include, but are not limited to, the following:

a.  559.72(7) by  willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

b.  559.71(18) by communicating  with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication;

82.  As a result of the above violations of the FCCPA defendant Lakeshore is liable to John  Hurst for injunctive and declaratory relief and for actual damages, statutory damages, punitive damages, and attorney's fees and costs.


## XI. CLAIM FOR RELIEF
## BY JOHN HURST AND SHEILA HURST
## CONSPIRACY TO VIOLATE THE
## FLORIDA CONSUMER COLLECTIONS PRACTICES ACT

83.  John and Sheila Hurst re-allege and incorporate herein by reference the paragraphs contained in Parts I-X above.

84.  Fedchex and Lakeshore, commencing from an unknown date, but at least by May 16.2011, and continuing to the present date, did, in the Middle District of Florida and elsewhere, willfully, knowingly, and intentionally conspire and agree with each other and with others both known and unknown to the plaintiffs, to violate the provisions of the FCCPA.

**WHEREFORE,** Plaintiffs, Sheila Hurst and John Hurst,  request judgment be entered in their favor against Defendants for:

A.  Statutory damages pursuant the FDCPA as against FedChex Recovery, LLC  of $1,000.

B.  Actual Damages under the FDCPA and FCCPA as to FedChex Recovery, LLC

C. Actual Damages under the FCCPA as to all Defendants.

C.  Statutory damages pursuant to the FCCPA against all Defendants in the amount $1,000 for each adjudication.

D. An award of costs and attorney's fees under the FCCPA and FDCPA.

E.  Such other and further relief as the court may deem just and equitable

**DEMAND FOR JURY TRIAL**

Plaintiffs, demand a trial by jury of issues so triable.

/S/Frederick W. Vollrath
Frederick W. Vollrath, Esq.
Attorney at Law

-14-

307 South Fielding Avenue
Suite 2
Tampa, Florida, 33606
813-335-4379
fredvollrath@aol.com
FBN:165-812

/S/Terrence S. Moore
Terence S. Moore, Esq.
Attorney at Law
2506 Azeele Street
Tampa, Florida, 33609
813-874-5444
FBN: 314-781

-15-